## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| INTEGRAL WIRELESS TECHNOLOGIES LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>LUMINATOR TECHNOLOGY GROUP GLOBAL, LLC,<br><br>*Defendant.* | Civil Action No. 2:26-cv-00028<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Integral Wireless Technologies LLC (hereinafter, "Integral Wireless" or "Plaintiff") files this Complaint for Patent Infringement against Defendant Luminator Technology Group Global, LLC ("LTGG" or "Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.     This is a patent infringement action to stop Defendant's infringement of the following United States Patents (collectively, the "Asserted Patents") issued by the United States Patent and Trademark Office ("USPTO"):

| | Patent No. | Title | Available At |
|---|---|---|---|
| 1 | 7,269,127 | Preamble Structures for Single-Input, Single-Output (SISO) and Multi-Input, Multi-Output (MIMO) Communication Systems | USPTO.gov, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/7269127 |
| 2 | 7,707,213 | Hierarchical Update Scheme for Extremum Location | USPTO.gov, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/7707213 |
| 3 | 7,953,411 | Virtual Soft Hand Over in OFDM and OFDMA Wireless Communication Network | USPTO.gov, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/7953411 |

|   | Patent No. | Title | Available At |
|---|---|---|---|
| 4 | 8,031,654 | Wireless Communication System, Apparatus for Supporting Data Flow and Methods Therefor | USPTO.gov, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/8031654 |
| 5 | 8,812,888 | Systems and Methods for Scanning for A Wake Up Packet Addressed to A Wireless Device | USPTO.gov, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/8812888 |
| 6 | 10,033,716 | Method and Device for Publishing Cross-Network User Behavioral Data | USPTO.gov, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/10033716 |

2.    Integral Wireless seeks injunctive relief and monetary damages.

## PARTIES

3.    Integral Wireless is a limited liability company formed under the laws of Texas with a registered office address located at 512 W Martin Luther King Jr. Blvd., Unit 281, Austin, TX 78701.

4.    Upon information and belief based on public information, LTGG is a corporation organized and existing under the laws of Delaware.

5.    Upon information and belief based on public information, LTGG maintains principal place of business in this District at 900 Klein Road, Plano, Texas, 75074.

6.    LTGG's registered agent is C T Corporation System, located at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

## JURISDICTION AND VENUE

7.    Integral Wireless repeats and re-alleges the allegations in Paragraphs above as though fully set forth in their entirety.

8.    This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10.     Venue is proper against Defendant in this District pursuant to 28 U.S.C. § 1400(b) because they have maintained established and regular places of business in this District and have committed acts of patent infringement in this District.  *See In re: Cray Inc.*, 871 F.3d 1355, 1362-1363 (Fed. Cir. 2017).

11.     For example, on information and belief, LTGG is registered to do business in Texas. *See* Filing Number 803566688, TEXAS SECRETARY OF STATE, https://direct.sos.state.tx.us/corp_inquiry/corp_inquiry-entity.asp?:Sfiling_number=803566688&:Nsession_id=83247160&:Ndocument_number=1506454340002&pgcurrent=1&:Spagefrom=&:Norder_item_type_id=10&:Ncorp_type_id=&:Nfiling_type_id=&:Nunder_lp_entity_type= (last accessed January 9, 2026) (showing Luminator Technology Group Global, LLC is registered to do business in Texas).

12.     Upon information and belief based on public information, LTGG maintains its principal place of business in this District at 900 Klein Road, Plano, Texas, 75074.

13.     On information and belief, Defendant LTGG is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and this District, including: (A) at least part of its infringing activities alleged herein, including its registration to do business in Texas, which purposefully avail the Defendant of the privilege of conducting those activities in this state and this District and, thus, submits itself to the jurisdiction of this court; and (B) regularly doing or soliciting business, engaging in other persistent conduct targeting residents of Texas and this District, and/or deriving substantial revenue from infringing goods offered for sale, sold, and imported and services provided to and targeting Texas residents and residents of this District

vicariously through and/or in concert with its alter egos, intermediaries, agents, distributors, importers, customers, subsidiaries, affiliates, and/or consumers.

14.     Specifically, Defendant intends to do and does business in, has committed acts of infringement in, and continues to commit acts of infringement in this District directly, through intermediaries, by contributing to and through its inducement of third parties, and offer its products or services, including those accused of infringement here, to customers and potential customers located in Texas, including in this District.

15.     Defendant is engaging in activities, including but not limited to transacting business in this District and purposefully directing its business activities, including the installation, maintenance, and use of infringing products and other related technologies in this District, and the sale or offer for sale of services and goods in this District to aid, abet, or contribute to the infringement of third parties in this District.

16.     Defendant commits acts of infringement in this District, including, but not limited to, selling, offering for sale, and using (including through testing) the Accused Products.

17.     Defendant commits acts of induced infringement in this District, including, but not limited to inducement of infringement by its parents, subsidiaries, partners, affiliates, and end-users to use the Accused Products.

18.     Defendant commits acts of contributory infringement in this District, including, but not limited to contributing to infringement by its parents, subsidiaries, partners, affiliates, and end-users through its use of the Accused Products.

19.      Such a corporate and commercial presence by Defendant LTGG furthers the development, design, manufacture, importation, distribution, and sale of Defendant's infringing products in Texas, including in this District.  Through utilization of its business segments and the

direction and control of its subsidiaries and affiliates, LTGG has committed acts of direct and/or indirect patent infringement within Texas, this District, and elsewhere in the United States, giving rise to this action and/or has established minimum contacts with Texas such that personal jurisdiction over LTGG would not offend traditional notions of fair play and substantial justice.

20.     Based on Defendant LTGG's connections and relationship with its distributors, resellers, contractors, dealers, installers, local and U.S. based national retailers, and digital distribution platforms, LTGG knows that Texas is a termination point of the established distribution channel for the sale and use of LTGG products.  LTGG, therefore, has purposefully directed its activities at Texas, and should reasonably anticipate being brought in this Court, at least on this basis.  *See Icon Health & Fitness, Inc. v. Horizon Fitness, Inc.*, 2009 WL 1025467, at (E.D. Tex. 2009) (finding that "[a]s a result of contracting to manufacture products for sale in" national retailers' stores, the defendant "could have expected that it could be brought into court in the states where [the national retailers] are located").

21.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). As alleged herein, Defendant LTGG has committed acts of infringement in this District.  As further alleged herein, Defendant LTGG, via its own operations and employees located there, has a regular and established place of business, in this District.  Accordingly, LTGG may be sued in this district under 28 U.S.C. § 1400(b).

## THE ACCUSED PRODUCTS

22.     Integral Wireless repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

23.     Defendant uses, causes to be used, sells, offers for sale, provides, supplies, or distributes various H.265/HEVC compatible devices, 802.11n/ac/ax Wi-Fi compatible devices, 5G

compatible devices, 802.11 Wi-Fi and Bluetooth compatible devices, Bluetooth v4.2 BR/EDR

compatible devices including, but not limited to, the "Accused Products" set forth below:

- RoadRunner Pro

- RoadRunner Pro System

- RoadRunner 4K Recorder

- Apollo RoadRunner 4K Recorder

- Luminator and Apollo RoadRunner 4K

- RoadRunner Analog HD Video Recorder

- RoadRunner Video Recorder X-DVRS+

- RoadRunner Pro Forward-Facing Camera

- RoadRunner Pro 4K Forward-Facing Camera

- RoadRunner Pro Exterior Street-Side / Curb-Side Camera

- RoadRunner Pro Interior Dome Camera / Interior Dome IP Camera

- RoadRunner Pro 360° Camera

- RoadRunner Pro IPC Backup Camera

- X-IPCAM F201

- RoadRunner WC340

- RoadRunner WC400

- RoadRunner HD Camera Interior Forward-Facing

- RoadRunner HD Camera Interior Dome

- On-Board Dome Camera

- RoadRunner 360º Camera

- RoadRunner HD Camera Interior Compact

- RoadRunner HD Camera Exterior Dome

- INFORM Telematics Tablet

- Inform Telematics GEOTAB G09

- Outdoor TFT Monitor 32" Double-Sided / Outdoor TFT Monitor 32"

- Luminator Inform™ Fleet Management Kit

- Luminator Technology Group websites / portal(s) (e.g., ltgglobal.my.site.com)

*See, e.g.*, **Exhibits A–H**.

24.    Defendant also instruct their customers, agents, employees, and affiliates regarding how to use the Accused Products for infringing purposes. *See, e.g.*, *RoadRunner 4K$^{TM}$ User Guide and Instruction Manual*, LUMINATOR TECHNOLOGY GROUP, available at https://luminator.com/images/stories/user_area/manuals/RR_4K_Manual_v1.2.1.pdf (last visited January 9, 2026); *RoadRunner HDX$^{TM}$ User Guide and Instruction Manual*, LUMINATOR TECHNOLOGY GROUP, available at https://luminator.com/images/stories/user_area/manuals/RoadRunner-HDX_Recorder_Manual_V.A_Rev1.0.pdf (last visited January 9, 2026); *User Guide & Instruction Manual: RoadRunner AHD*, LUMINATOR TECHNOLOGY GROUP, available at https://luminator.com/images/stories/download_customer/north_america/Manuals2020/AHD_Manual-1.0.pdf (last visited January 9, 2026).

25.    Defendant also import into the United States, distribute, and sell the Accused Products to end-users via the Internet and via distribution partners, retailers, reseller partners, and solution partners. *See, e.g.*, *Products*, LUMINATOR TECHNOLOGY GROUP, https://luminator.com/en-us/products.html (showing LTGG's products for sale). Those sales occur in the United States, and throughout Texas, including in this District.

26.     For these reasons and the additional reasons detailed below, the Accused Products practice at least one claim of each of the Asserted Patents.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,292,283

27.     Integral Wireless repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

28.     For purposes of this Count, the term "Accused Products" shall mean the RoadRunner Pro, INFORM Telematics Tablet, RoadRunner WC400, RoadRunner WC340, Outdoor TFT Monitor 32" Double-Sided, Apollo RoadRunner 4K Recorder, RoadRunner Analog HD Video Recorder, and other substantially similar products and services offered in the past or the future, and all of the prior models, iterations, releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, applications, and functionality associated with those products and solutions.

29.     The USPTO duly issued U.S. Patent No. 7,269,127 (hereinafter, the "'127 patent") on September 11, 2007, after full and fair examination of Application No. 10/264,546 which was filed on October 4, 2002.  *See* '127 patent at p. 1.

30.     Integral Wireless owns all substantial rights, interest, and title in and to the '127 patent, including the sole and exclusive right to prosecute this action and enforce said patent against infringers and to collect damages for all relevant times.

31.     The written description of the '127 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

32.    The claims of the '127 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, as just one example, the claimed invention includes inventive components that improve communication systems and, more particularly, to single-input, single-output (SISO) and multi-input, multi-output (MIMO) communication system.

33.    Defendant has directly infringed one or more claims of the '127 patent by making, using, selling, offering for sale, importing into the United States, providing, supplying, or distributing the Accused Products.

34.    Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 20 of the '127 patent.

35.    As just one example, Defendant, through the use and provision of the Accused Products, performs a method of forming a frame structure that is transmitted in a communication system, the method comprising the steps of: providing data blocks; providing training blocks; combining the data blocks and training blocks in a parallel format to provide a parallel combination; taking an inverse discrete fourier transform (IDFT) of the parallel combination to form IDFT blocks; inserting the cyclic prefixes between the IDFT blocks to form parallel symbols; converting the parallel symbols to serial format to form a preamble structure and a data structure, the preamble structure comprising at least one training symbol and an enhanced training symbol; the data structure comprising a plurality of data symbols; forming data symbols such that each data symbol comprises a cyclic prefix and a data block, the cyclic prefix having a number of samples G, the data block having a number of samples N; and forming a preamble structure having an enhanced training symbol, the enhanced training symbol comprising a cyclic prefix and a training block, the cyclic prefix having a number of samples G, the training block having a number of

samples $N_I$ such that $N_I=N/I$, where I is an integer and $G=N_I/4$. *See* **Exhibit A** (Evidence of Use Regarding Infringement of U.S. Patent No. 7,269,127).

36.     Integral Wireless or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '127 patent.

37.     Integral Wireless has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Integral Wireless in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,707,213

38.     Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

39.     For purposes of this Count, the term "Accused Products" shall the RoadRunner Pro system, RoadRunner Pro Forward Facing Camera, RoadRunner Pro 4K Forward Facing Camera, RoadRunner Pro Exterior Street Side And Curb Side Backup Camera, RoadRunner Pro Interior Dome IP Camera, RoadRunner Pro 360 Camera, RoadRunner 4K Recorder, RoadRunner HD Camera Interior Forward-Facing, RoadRunner Video Recorder X-DVRS+, RoadRunner HD Camera Interior Dome, On-Board Dome camera, RoadRunner 360º Camera, RoadRunner HD Camera Interior Compact, RoadRunner HD Camera Exterior Dome, RoadRunner Pro IPC Backup Camera and X-IPCAM F201, and other substantially similar products and services offered in the past or the future, and all of the prior models, iterations, releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, applications, and functionality associated with those products and solutions.

40.     The USPTO duly issued U.S. Patent No. 7,707,213 (hereinafter, the "'213 patent") on April 27, 2010, after full and fair examination of Application No. 11/677,511 which was filed on February 21, 2007.  *See* '213 patent at p. 1.

41.     Integral Wireless owns all substantial rights, interest, and title in and to the '213 patent, including the sole and exclusive right to prosecute this action and enforce the '213 patent against infringers and to collect damages for all relevant times.

42.     The claims of the '213 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed invention includes inventive components that improve the function and operation of data processing systems by organizing data into a hierarchical structure of partitions in which each level stores extrema for a group of elements from the level below which enables efficient and scalable data updates without needing to reprocess the entire dataset.

43.     The written description of the '213 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

44.     Defendant has directly infringed, and continues to directly infringe, one or more claims of the '213 patent by making, using, selling, offering for sale, importing into the United States, providing, supplying, or distributing the Accused Products.

45.     Defendant has directly infringed, and continues to directly infringe, either literally or under the doctrine of equivalents, at least claim 16 of the '213 patent.

46.     As just one example, Defendant, through the use and provision of the Accused

Products, performs a method for generating data, comprising: partitioning, by a computing device, a base level data set into one or more partitions in memory; generating, by the computing device, a coarse representation of extrema of each of the one or more partitions of the base level data by finding and storing the extrema of the partitions in memory; and updating, by the computing device, the coarse representation if one or more data values of the base level data are altered, wherein the updating the coarse representation comprises finding and storing new extrema in memory from one of the one or more partitions of the base level data that includes altered data values. *See* **Exhibit B** (Evidence of Use Regarding Infringement of U.S. Patent No. 7,707,213).

47.    Defendant has a policy or practice of not reviewing the patents of others, including instructing their employees to not review the patents of others, and thus have been willfully blind of Integral Wireless' patent rights.

48.    Defendant willfully blinded itself to the existence of the '213 patent and Defendant's infringement, but Defendant had actual knowledge of the '213 patent since at least the time of receiving the original complaint in this action.

49.    Defendant has also indirectly infringed one or more claims of the '213 patent by inducing others to directly infringe said claims.

50.    Defendant has induced end-users, including, but not limited to, Defendant's customers, employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, one or more claims of the '213 patent by providing or requiring use of the Accused Products.

51.    Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '213 patent, including, for example, claim 16.

52.     Such steps by Defendant included, among other things, advising or directing personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; distributing instructions that guide users to use the Accused Products in an infringing manner; and/or providing ongoing instructional and technical support to customer on their website on how to use the Accused Products in an infringing manner.

53.     Defendant is performing these steps, which constitute induced infringement with the knowledge of the '213 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the Accused Products by others would infringe the '213 patent.

54.     Defendant's inducement is ongoing.

55.     Defendant has also indirectly infringed by contributing to the infringement of one or more claims of the '213 patent.

56.     Defendant has contributed to the direct infringement of one or more claims of the '213 patent by their personnel, contractors, and customers.

57.     The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '213 patent, including, for example, claim 16.

58.     The special features constitute a material part of the invention of one or more of the claims of the '213 patent and are not staple articles of commerce suitable for substantial non-infringing use.

59.     Defendant's contributory infringement is ongoing.

60.     Defendant's actions are at least objectively reckless as to the risk of infringing a valid

patent and this objective risk was either known or should have been known by Defendant.

61.    Defendant's direct infringement of one or more claims of the '213 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Integral Wireless' rights under the patent.

62.    Integral Wireless or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '213 patent.

63.    Integral Wireless has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  Integral Wireless has and will continue to suffer this harm by virtue of Defendant's infringement of one or more claims of the '213 patent. Defendant's actions have interfered with and will interfere with Integral Wireless' ability to license technology.  The balance of hardships favors Integral Wireless' ability to commercialize its own ideas and technology.  The public interest in allowing Integral Wireless to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

64.    Integral Wireless has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Integral Wireless in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,953,411

65.    Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

66.    For purposes of this Count, the term "Accused Products" shall mean Luminator's 5G compatible devices including, but not limited to, the Road Runner Pro, and other substantially

similar products and services offered in the past or the future, and all of the prior models, iterations, releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, applications, and functionality associated with those products and solutions.

67.    Integral Wireless repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

68.    The USPTO duly issued U.S. Patent No. 7,953,411 (hereinafter, the "'411 patent") on May 31, 2011, after full and fair examination of Application No. 11/150,829 which was filed on June 9, 2005.  *See* '411 patent at p. 1.

69.    Integral Wireless owns all substantial rights, interest, and title in and to the '411 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

70.    The claims of the '411 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.   Rather, the claimed inventions include inventive components that improve upon handover mechanisms for orthogonal frequency division multiplexing (OFDM) and orthogonal frequency division multiple access (OFDMA) wireless communication systems by providing an efficient virtual soft handover (VSHO) mechanism that allows a mobile subscriber station to transmit and receive a frame with only one base station while monitoring communications with adjacent base stations.

71.    The written description of the '411 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

72.    Defendant has directly infringed one or more claims of the '411 patent by making, using, selling, offering to sell, importing into the United States, providing, supplying, or distributing the Accused Products.

73.    Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 10 of the '411 patent.

74.    For example, Defendant, through the provision and use of the Accused Products, performs a  method for implementing a hand over of a mobile subscriber station (MSS) in a wireless communication network, comprising: maintaining an active set comprising a list of transmitting base stations, each transmitting base station capable of communicating with the MSS, the MSS communicating with only one current transmitting base station in a single frame; monitoring all transmitting base stations in the active set while transmitting data to and receiving data from the current transmitting base station in one or more bursts that are allocated for the MSS in the single frame, the data representing communication traffic between the MSS and the current transmitting base station, wherein the current transmitting base station is the only base station of the list of transmitting base stations operated to transmit data to the MSS using the one or more bursts that are allocated for the MSS in the single frame; determining a preferred transmitting base station included in the transmitting base stations based upon the monitoring; informing the preferred transmitting base station to the current transmitting base station by a fast feedback channel; stopping the MSS from transmitting data to and receiving data from the current transmitting base station; and operating the MSS to exchange transmission of data at a subsequent frame with the preferred base station.  *See* **Exhibit C** (Evidence of Use Regarding Infringement of U.S. Patent No. 7,953,411).

75.    Integral Wireless or its predecessors-in-interest have satisfied all statutory obligations

---

required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '411 patent.

76.    Integral Wireless has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Integral Wireless in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 8,031,654

77.    Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

78.    For purposes of this Count, the term "Accused Products" shall mean Luminator's 5G compatible devices including, but not limited to, the Road Runner Pro, and other substantially similar products and services offered in the past or the future, and all of the prior models, iterations, releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, applications, and functionality associated with those products and solutions.

79.    The USPTO duly issued U.S. Patent No. 88,031,654 (hereinafter, the "'654 patent") on October 4, 2011, after full and fair examination of Application No. 11/726,397 which was filed on March 20, 2007.  *See* '654 patent at p. 1.

80.    Integral Wireless owns all substantial rights, interest, and title in and to the '654 patent, including the sole and exclusive right to prosecute this action and enforce the '654 patent against infringers and to collect damages for all relevant times.

81.    The claims of the '654 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed invention includes inventive components that improve the function and operation of wireless communication systems

by enabling more efficient handling of acknowledgment signaling in TCP-based data transfers.

82.    The written description of the '654 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

83.    Defendant has directly infringed, and continues to directly infringe, one or more claims of the '654 patent by making, using, selling, offering for sale, importing into the United States, providing, supplying, or distributing the Accused Products.

84.    Defendant has directly infringed, and continues to directly infringe, either literally or under the doctrine of equivalents, at least claim 5 of the '654 patent.

85.    As just one example, Defendant, through the use and provision of the Accused Products, provides a wireless subscriber communication unit for use in acknowledging an allocation of resource in a wireless communication system employing transfer communication protocol (TCP) based data transfer between a network and the wireless subscriber communication unit, the wireless subscriber communication unit comprising: a receiver arranged to receive an allocation message and a TCP data segment; processing logic, operably coupled to the receiver and arranged to process the allocation message to identify an allocation of DL resources to receive the TCP data segment plus sufficient uplink (UL) resources to transfer a stand-alone acknowledgement (ACK) data segment, where the allocation of UL resources to support transmission of the stand-alone ACK data segment is based on a count performed in the network of a predetermined number of data segments transmitted to the wireless subscriber communication unit; and a transmitter arranged to transmit the stand-alone ACK data segment in response to the

message.  *See* **Exhibit D** (Evidence of Use Regarding Infringement of U.S. Patent No. 8,031,654).

86.    Defendant has a policy or practice of not reviewing the patents of others, including instructing their employees to not review the patents of others, and thus have been willfully blind of Integral Wireless' patent rights.

87.    Defendant willfully blinded itself to the existence of the '654 patent and Defendant's infringement, but Defendant had actual knowledge of the '654 patent since at least the time of receiving the original complaint in this action.

88.    Defendant has also indirectly infringed one or more claims of the '654 patent by inducing others to directly infringe said claims.

89.    Defendant has induced end-users, including, but not limited to, Defendant's customers, employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, one or more claims of the '654 patent by providing or requiring use of the Accused Products.

90.    Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '654 patent, including, for example, claim 5.

91.    Such steps by Defendant included, among other things, advising or directing personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; distributing instructions that guide users to use the Accused Products in an infringing manner; and/or providing ongoing instructional and technical support to customer on their website on how to use the Accused Products in an infringing manner.

92.    Defendant is performing these steps, which constitute induced infringement with the

knowledge of the '654 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the Accused Products by others would infringe the '654 patent.

93.    Defendant's inducement is ongoing.

94.    Defendant has also indirectly infringed by contributing to the infringement of one or more claims of the '654 patent.

95.    Defendant has contributed to the direct infringement of one or more claims of the '654 patent by their personnel, contractors, and customers.

96.    The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '654 patent, including, for example, claim 5.

97.    The special features constitute a material part of the invention of one or more of the claims of the '654 patent and are not staple articles of commerce suitable for substantial non-infringing use.

98.    Defendant's contributory infringement is ongoing.

99.    Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

100.    Defendant's direct infringement of one or more claims of the '654 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Integral Wireless' rights under the patent.

101.    Integral Wireless or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '654 patent.

102.    Integral Wireless has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  Integral Wireless has and will continue to suffer this harm by virtue of Defendant's infringement of one or more claims of the '654 patent. Defendant's actions have interfered with and will interfere with Integral Wireless' ability to license technology.  The balance of hardships favors Integral Wireless' ability to commercialize its own ideas and technology.  The public interest in allowing Integral Wireless to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

103.    Integral Wireless has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Integral Wireless in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT V: INFRINGEMENT OF U.S. PATENT NO. 8,812,888

104.    Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

105.    For purposes of this Count, the term "Accused Products" shall mean Luminator's Bluetooth compatible devices such as the INFORM Telematics Tablet, Inform Telematics GEOTAB G09, and other substantially similar products and services offered in the past or the future, and all of the prior models, iterations, releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, applications, and functionality associated with those products and solutions.

106.    The USPTO duly issued U.S. Patent No. 8,812,888 (hereinafter, the "'888 patent") on August 19, 2014, after full and fair examination of Application No. 13/901,817 which was filed on May 24, 2013.  *See* '888 patent at p. 1.

107.    Integral Wireless owns all substantial rights, interest, and title in and to the '888 patent, including the sole and exclusive right to prosecute this action and enforce the '888 patent against infringers and to collect damages for all relevant times.

108.    The claims of the '888 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, as just one example, the claimed invention includes inventive components that improve the function and operation of computing devices by providing systems and methods for accessing computing devices over wireless local area networks and more particularly to systems and methods for waking computing devices from a powered down or sleep state with signals sent over wireless local area networks.

109.    The written description of the '888 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

110.    Defendant has directly infringed one or more claims of the '888 patent by making, using, selling, offering for sale, importing into the United States, providing, supplying, or distributing the Accused Products.

111.    Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '888 patent.

112.    As just one example, Defendant, through the use and provision of the Accused Products, performs a method comprising: scanning for a wake-up packet addressed to a wireless device, wherein the wake-up packet is configured to cause the wireless device to initiate a switch from operating in a first power mode to operating in a second power mode, wherein the scanning

is performed for a predetermined period of time; and ceasing to scan for the wake-up packet addressed to the wireless device in response to not receiving the wake-up packet after the predetermined period of time has elapsed.  *See* **Exhibit E** and **Exhibit F** (Evidence of Use Regarding Infringement of U.S. Patent No. 8,812,888 – Charts 1 and 2).

113.     Integral Wireless or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '888 patent.

114.     Integral Wireless has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Integral Wireless in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 10,033,716

115.     Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

116.     The USPTO duly issued U.S. Patent No. 10,033,716 (hereinafter, the "'716 patent") on July 24, 2018, after full and fair examination of Application No.: 15/278,533 which was filed on September 28, 2016.  *See* '716 patent at p. 1.

117.     Integral Wireless owns all substantial rights, interest, and title in and to the '716 patent, including the sole and exclusive right to prosecute this action and enforce said patent against infringers and to collect damages for all relevant times.

118.     The written description of the '716 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and

improved upon what may have been considered conventional or generic in the art at the time of the invention.

119.     The claims of the '716 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.   Rather, the claimed inventions include inventive components that improve client computing environments by summarizing cross-network user behavioral data and publishing the data to one or more data structures that become accessible to a server hosting an authorized domain when a user accesses the authorized domain.

120.     Defendant has directly infringed one or more claims of the '716 patent by making, using, selling, offering for sale, importing into the United States, providing, supplying, or distributing the Accused Products.

121.     Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '716 patent.

122.     As just one example, Defendant, through the use and provision of the Accused Products, performs computer-implemented method, implemented, at least in part, by a server that includes hardware in combination with software, the method comprising: receiving, by the server, one or more memory structures that include published summarized cross-network user behavior data from a client computer, wherein the published summarized cross-network user behavior data includes: collected cross-network user behavior data related to a user's interactions with a plurality of web sites on the client computer, the collected cross-network user behavior data being summarized on the client computer, and the summarized collected cross-network user behavior data published to the one or more memory structures on the client computer; decoding, by the server, the one or more memory structures; determining, by the server, at least one of a message or advertisement to send to a browser of the client computer based on the decoded one or more

memory structures; customizing, by the server, the at least one of the message or advertisement to be responsive to the summarized cross-network user behavior data; and sending, by the server, the customized at least one of the message or advertisement responsive to the summarized cross-network user behavior data.  *See* **Exhibit G** and **Exhibit H** (Evidence of Use Regarding Infringement of U.S. Patent No. 10,033,716 – Charts 1 and 2).

123.    Integral Wireless or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '716 patent.

124.    Integral Wireless has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Integral Wireless in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

125.    Integral Wireless hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

126.    Integral Wireless requests that the Court find in its favor and against Defendant, and that the Court grant Integral Wireless the following relief:

   a.    Judgment that one or more claims of each of the Asserted Patents has been infringed, either literally or under the doctrine of equivalents, by Defendant or others acting in concert therewith;

   b.    A permanent injunction enjoining Defendant and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the '213 patent and the '654 patent;

or, in the alternative, an award of a reasonable ongoing royalty for future infringement of said patents by such entities;

c.   Judgment that Defendant account for and pay to Integral Wireless all damages to and costs incurred by Integral Wireless because of Defendant's infringing activities and other conduct complained of herein;

d.   Judgment that Defendant's infringements be found willful as to the '213 patent and the '654 patent, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e.   Pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

f.   That this Court declare this an exceptional case and award Integral Wireless its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

g.   All other and further relief as the Court may deem just and proper under the circumstances.

Dated: <u>January 12, 2026</u>

Respectfully submitted,

By: */s/ James F. McDonough, III*

James F. McDonough, III (GA 117088) *
**ROZIER HARDT MCDONOUGH, PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 32832
Telephone: (404) 564-1592
Email: jim@rhmtrial.com

C. Matthew Rozier (CO 46854) *
**ROZIER HARDT MCDONOUGH, PLLC**
1001 Bannock Street
Suite 241
Denver, CO  80204
Telephone: (404) 779-5305; (202) 316-1591
Email: matt@rhmtrial.com

Jonathan L. Hardt (TX 24039906) *
**ROZIER HARDT MCDONOUGH, PLLC**
712 W. 14th Street, Suite A
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@rhmtrial.com

*Attorneys for Plaintiff INTEGRAL WIRELESS TECHNOLOGIES LLC*

* Admitted to the Eastern District of Texas

**List of Attachments**

- Civil Cover Sheet
- Proposed Summons

**List of Exhibits**

A. Evidence of Use Regarding Infringement of U.S. Patent No. 7,269,127

B. Evidence of Use Regarding Infringement of U.S. Patent No. 7,707,213

C. Evidence of Use Regarding Infringement of U.S. Patent No. 7,953,411

D. Evidence of Use Regarding Infringement of U.S. Patent No. 8,031,654

E. Evidence of Use Regarding Infringement of U.S. Patent No. 8,812,888 – Chart 1

F. Evidence of Use Regarding Infringement of U.S. Patent No. 8,812,888 – Chart 2

G. Evidence of Use Regarding Infringement of U.S. Patent No. 10,033,716 – Chart 1

H. Evidence of Use Regarding Infringement of U.S. Patent No. 10,033,716 – Chart 2

**List of Supporting Links**

1. U.S. Patent No. 7,269,127, USPTO.gov,
   https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/7269127

2. U.S. Patent No. 7,707,213, USPTO.gov,
   https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/7707213

3. U.S. Patent No. 7,953,411, USPTO.gov,
   https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/7953411

4. U.S. Patent No. 8,031,654, USPTO.gov,
   https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/8031654

5. U.S. Patent No. 8,812,888, USPTO.gov,
   https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/8812888

6. U.S. Patent No. 10,033,716, USPTO.gov,
   https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/10033716